OPINION
{¶ 1} Defendants Valley Forge Insurance Company and Continental Casualty Insurance Company appeal a judgment of the Court of Common Pleas of Stark County, Ohio, which found plaintiff Laura Pahler is entitled to underinsured motorist coverage under policies written by defendants. Appellants assign two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE AND AGAINST DEFENDANTS-APPELLANTS.
 {¶ 3} "II. THE TRIAL COURT ERRED IN DECLINING TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS APPELLANTS."
 {¶ 4} The parties agree the facts are undisputed. On December 30, 1998, Laura A. Pahler was injured in a one-car accident. At the time of the accident, Laura was a passenger in a car operated by Benjamin Fisk and owned by James Fisk. The Fisk vehicle was insured by an Allstate liability policy with limits of $100,000 per person and $300,000 per accident. At the time of the accident, Laura was a resident of the household of her father, David Pahler and her mother Lynette Pahler. Mr. and Mrs. Pahler had UM/UIM coverage with West American Insurance Company for $250,000 per person, $500,000 per accident. Allstate settled the personal injury claim against Benjamin Fisk for the policy limits of $100,000, and the Pahlers made an underinsured motorist claim against West American Insurance Company and received $150,000.
 {¶ 5} Laura's father was employed by Fisher Foods Marketing, Inc., at the time of the accident. Fisher Foods was a named insured under two policies of insurance. The first is a commercial automobile policy issued by appellant Valley Forge, providing uninsured and underinsured motorist coverage in the amount of $1,000,000. The Valley Forge policy also contains a "drive other car coverage-broadened coverage for named individuals" endorsement that names two individuals, Jack Fisher and Jeffrey Fisher. Fisher Foods is also a named insured under an excess/umbrella policy issued by Continental Casualty Insurance Company, which provide $10,000,000 in liability coverage.
 {¶ 6} Laura's mother was employed by Massillon Community Hospital at the time of the accident. Massillon Community Hospital was the named insured on a commercial automobile liability policy issued by Motorist Mutual Insurance Company. The policy provided $1,000,000 in UM/UIM coverage. Laura was not an employee of Fisher Foods or of Massillon Community Hospital on the date of the accident. The trial court found neither Fisher Foods nor Massillon Community Hospital owned the automobile involved in the accident.
 {¶ 7} Civ.R. 56 (C) states in pertinent part:
 {¶ 8} (C) Motion and proceedings
 {¶ 9} "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 10} The trial court should not grant summary judgment if there is a genuine issue of any material fact to be litigated, nor if, construing the evidence in favor of the non-moving party, reasonable minds could come to only one conclusion on the undisputed facts, see e.g., Ormet Primary Aluminum Corp. v. Employers Insurance of Wassau
(1999), 88 Ohio St.3d 292. This court reviews a summary judgment using the same standard as the trial court, Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35.
 {¶ 11} The parties agree the facts are not disputed, and the matter must be resolved on issues of law.
 I II {¶ 12} Because appellant insurance companies' assignments of error are complementary, we will address them both together for purposes of clarity. In the recent case of Scott-Pontzer v. Liberty Mutual FireInsurance Company (1999), 85 Ohio St.3d 660, the Ohio Supreme Court found where a corporation is the named insured and the definition of insured is "you" and "if you are an individual, or any family member" the language must be construed to extend insured status to employees, rather than strictly to the corporate entity, which cannot occupy or operate an automobile or suffer bodily injury or death.
 {¶ 13} Appellants argue in the case before us, the Valley Forge policy contains a "drive other car coverage-broadened coverage for named individuals" endorsement which names specific individuals as insured. Appellants submit the policy does not suffer from the ambiguity which was fatal in the Scott-Pontzer policy.
 {¶ 14} The trial court rejected this argument, finding the inclusion of two additional named insureds does not create a distinction from the Ohio Supreme Court case of Scott-Pontzer. The court found where the corporation is still a named insured, this must extend insured status to employees.
 {¶ 15} In the recent case of Burkhart v. CNA Insurance Company
(February 25, 2002), Stark Appellate No. 2001CA00265, this court agreed the rationale announced by the Ohio Supreme Court in Scott-Pontzer is applicable to policies which list both the corporation and also specific individuals. In Burkhart, we noted if the policies were only intended to afford coverage to the specific individuals named, then the inclusion of the corporation as a named insured is superfluous. Likewise here, if the policy was intended to only insure Jack and Jeffrey Fisher, then the corporation would not have been listed as a named insured. Appellants also argue the trial court erred in finding Laura Pahler is entitled to underinsured motorist coverage under the Continental umbrella policy because the policy contains no Ohio uninsured/underinsured motorist coverage endorsement or language which can be construed to extend coverage to any family member if "you are an individual".
 {¶ 16} In Scott-Pontzer, supra, the Ohio Supreme Court found the policy in question extended underinsured coverage to an employee of the corporation named as an insured. In the later case of Ezawa v. YasudaFire Marine Insurance Company (1999), 86 Ohio St.3d 557, the Ohio Supreme Court found the insurance policy in question afforded underinsured motorist coverage for bodily injury to a family member of an insured employee. The basis of the Supreme Court's holding was that the definition of who was an insured included family members. Appellants argue there is no basis in statutory or case law in Ohio to extend coverage under the umbrella policy to Laura, the daughter of an employee of Fisher Foods.
 {¶ 17} The trial court rejected this same argument, finding the Continental excess/umbrella policy does not contain any specific provisions for uninsured/underinsured motorist coverage. In Gyori v.Johnston Coca Cola Bottling Company (1996), 76 Ohio St.3d 565, the Ohio Supreme Court found that R.C. Section 3937.18 does apply to excess liability providers. The trial court also cited Ohio case law from the Federal District for the Northern District of Ohio, and for the Ohio State Second Appellate District, for the proposition that where the underlying insurance policy provides uninsured and underinsured motorist coverage, the excess provider must also provide such coverage. This is because, simply stated, an umbrella policy is intended to provide excess coverage beyond the insured's primary policy.
 {¶ 18} Because an umbrella policy is intended to provide excess coverage beyond insured's primary policy, the court found Laura Pahler, as an insured in the primary policy, must also be covered under the umbrella policy. Coverage under the umbrella policy flows from coverage in the commercial automobile policy. The umbrella policy specifically identifies the commercial auto policy as an underlying policy. The court concluded Laura Pahler is entitled to underinsured motorist coverage under the umbrella policy after the Valley Forge policy limits are exhausted.
 {¶ 19} The Pahlers also point out Continental did not make a valid and enforceable offer, and did not secure written rejection for the UM/UIM coverage as required in the Supreme Court case of Linko v.Indemnity Insurance Company of North America (2000), 90 Ohio St.3d 445.
 {¶ 20} First, however, we must determine who is an insured. The umbrella policy specifically references employees. It provides employees are insureds only within the scope of their employment.
 {¶ 21} We find this language addresses the ambiguity ofScott-Pontzer and is sufficiently specific to create a valid and enforceable exclusion under the umbrella policy.
 {¶ 22} We find Laura, as the daughter of an employee, is excluded from coverage under the umbrella policy.
 {¶ 23} Both assignments of error are overruled in part and sustained in part.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part.
By Gwin, P.J., and Boggins, J., concur.
Farmer, J., dissents.
Topic: Scott Pontzer case.